## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARIO GRACIA,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  02-CV-4135-GPM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO.  98-CR-40125-GPM** |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

On July 9, 2002, Mario Gracia filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1).  This Court dismissed the motion, and Gracia appealed.  The United States Court of Appeals for the Seventh Circuit reversed and remanded with instructions for this Court to consider Gracia's ineffective assistance of counsel claim on its merits (*see* Doc. 10).  The Court directed the Government to respond to the motion and allowed Gracia to assert an additional argument that his sentence violated the Sixth Amendment (*see* Doc. 16).

After numerous extensions of time, the Government filed its response to the motion on November 12, 2004 (Doc. 26), and Gracia filed a reply (Doc. 28).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the judge

shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record  before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984).  In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim.  Accordingly, the Court will resolve the motion without a hearing.

### BACKGROUND

Mario Gracia was convicted by a jury of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344, one count of bank fraud in violation of 18 U.S.C. § 1344, one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  The undersigned presided over the jury trial from April 18-21, 2000.  On two occasions before the jury's verdict was returned, Gracia attempted to enter a plea of guilty; the Court refused to accept the plea when Gracia would not accept the Government's recitation of the facts underlying the plea.  Gracia did not take the stand in his own defense.

On July 24, 2000, Gracia was sentenced to concurrent terms of 60 months on the count of conspiracy to commit bank fraud and 78 months on the other counts, followed by three years of supervised release on the bank fraud and wire fraud counts and five years of supervised release on the two conspiracy counts.  He was ordered to pay $142,500 in restitution and a $200 special assessment.

Gracia appealed to the United States Court of Appeals for the Seventh Circuit, and his conviction and sentence were affirmed on November 19, 2001.  *See United States v. Gracia*, 272 F.3d 866 (7th Cir. 2001).  The facts underlying the case against Gracia and his twenty one co-defendants is laid out in the Seventh Circuit's opinion.

ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Thus, collateral relief is available to Gracia only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice."  *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986).  In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

The United States Supreme Court has held that a defendant can raise a claim for ineffective assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal.  *See Massaro v. United States*, 538 U.S. 500, 508-509 (2003).  Gracia claims that he was denied effective assistance of counsel at trial when his trial counsel neglected to object to the admission of incomplete telephone recordings where complete recordings would have revealed exculpatory evidence of his innocence.

Gracia also argues that his trial counsel, Douglas Forsyth, failed to work with him to prepare

for trial.  He alleges that attorney Forsyth never visited him in Arizona before trial and never met with him after the close of court while the trial was in progress.  Gracia also claims that attorney Forsyth's decision to not call him to the stand was not fully informed because of the lack of communication between them.

To establish a claim of ineffective assistance of counsel, Gracia must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687.  The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

The Government correctly points out the standard upon which the Court evaluates an ineffective assistance claim based on a failure to object to the admissibility of evidence.  "If evidence admitted without objection was admissible, then the complained of action fails both prongs of the *Strickland* test:   failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted." *Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2002).  In other words, if the objection would have been overruled under the prevailing law, the claim fails.

The underlying evidence at issue here is the tape-recorded phone calls placed by prisoners from within FCI-Greenville to persons on the outside.  The foundation for the tapes was established by FBI Special Agent Kurt Schichtel.  Counsel brought out on cross-examination that the entire

tapes were not transcribed and that the original tapes were recycled and not preserved after a copy was made.

Gracia does not challenge the admissibility of any one phone call.  He argues that counsel was ineffective for failing to exclude all of the tapes, but he offers no supporting evidence for his claim that the tapes in their entirety contained exculpatory evidence.

Federal Rule of Evidence 106 codifies the "rule of completeness."  It states,

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

FED. R. EVID. 106.

A proper foundation having been laid, the tapes were admissible.  At most, Gracia could have had additional portions of the tapes played to the jury, had he been able to show that something should have been considered contemporaneously with them.  Absent such a showing, this Court would never have allowed Gracia to play all of the tapes in their entirety, even if they existed.  And, again, counsel elicited on cross-examination the fact that the tapes were not available.  The Court cannot overturn Gracia's conviction on his naked assertion that the tapes in their entirety would have exculpated him.

Gracia has not only failed to show that attorney Forsyth's representation fell below an objective standard of reasonableness, he has also failed to establish prejudice.  This Court presided over the jury trial for four days and agrees with the Government that there was "abundant" evidence to allow a jury to conclude that Gracia was a willing participant in the criminal scheme, even if all the tapes had been excluded.

The Court has reviewed the affidavit submitted by attorney Forsyth.  Again, the Court recalls

the trial well.  Gracia was a difficult client, and attorney Forsyth tried the case well.  Attorney Forsyth attests that he spent considerable time with his client and was fully prepared to try the case. The Court finds the affidavit credible, and the Court has no reason to believe that attorney Forsyth was unprepared to try the case other than Gracia's naked assertion that he was.

Finally, Gracia argues that his sentence violates the recent Supreme Court cases of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  After these cases, and after the instant motion was fully briefed, the Supreme Court held that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment. *See United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005).   The problem for Gracia, however, is that the Seventh Circuit recently ruled that *Booker* does not apply retroactively.  *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).  Gracia's conviction became final years before *Booker* was decided.  Thus, it provides him no relief.

### CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly.

   **IT IS SO ORDERED.**

   DATED:  10/17/05

                              s/ G. Patrick Murphy
                              G. PATRICK MURPHY
                              Chief United States District Judge